# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHAUWN NETTLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:22-CV-818 SEP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Shauwn Nettles's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the application is summarily denied and dismissed.

### BACKGROUND

Petitioner is currently incarcerated at Saint Genevieve County Detention Center awaiting trial in a federal criminal action.[1] *See United States v. Nettles*, No. 4:18CR1007 AGF (E.D. Mo) ("Nettles Criminal Case"). He refers to his federal case in his habeas petition.

A federal indictment was filed against Petitioner on December 6, 2018, charging him with the following: possession of one or more firearms and ammunition by a previously convicted felon (Count One); possession with the intent to distribute fentanyl (Count Two); and possession of one or more firearms in furtherance of a drug trafficking crime (Count Three). The charges stem from a traffic stop conducted by Officer Quincy Smith in the City of St. Louis on October 26, 2018. *Id.* at Doc. 1.

Petitioner was originally represented by the Office of the Federal Public Defender. In May 2020, Peter Cohen, an experienced criminal defense attorney, was appointed to represent him. Mr. Cohen filed a motion to suppress evidence and represented petitioner during the litigation of that motion. *Id.* at Doc. 57. Unfortunately, Petitioner was ultimately unable to work

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

productively with Mr. Cohen, and so the Court appointed experienced criminal defense attorney John Lynch to represent Petitioner for trial before the Honorable Audrey G. Fleissig.

On August 18, 2021, the magistrate judge assigned to the case, the Honorable John M. Bodenhausen, held a hearing on Petitioner's motion to dismiss Mr. Lynch. *Id.* at Doc. 102. At the conclusion of that hearing, Petitioner agreed to withdraw his motion to dismiss counsel, and the Court agreed to consider his pro se motions and gave him and his attorney time to submit the motions they wished the Court to address.

On August 26, 2021, the Court received two pro se motions from Petitioner—a motion to compel records related to a traffic court hearing on December 11, 2019, and a motion for the production of police records and personnel files. *Id.* at Docs. 104, 105. On August 30th, the Court received a third pro se motion from Petitioner—a motion for depositions in compliance with Rule 15(a). *Id.* at Doc. 106. On August 31, 2021, Mr. Lynch filed an omnibus motion for disclosure of all favorable, exculpatory, and impeaching information, *id.* at Doc. 107, which the Court referred to as "Nettles' Omnibus Motion." On September 23, 2021, the Government filed a consolidated response in opposition to all four pending discovery motions. *Id.* at Doc. 111. Judge Bodenhausen ruled on Petitioner's motions in a Report and Recommendation to the District Court on October 20, 2021. *Id.* at Doc. 112.

In his Omnibus Motion, Petitioner's counsel, Mr. Lynch, requested that the Government produce a host of information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1973), and related cases. The Government represented that it was not aware of any exculpatory or favorable information, and that it would timely disclose impeachment information (if any) for any witnesses that might testify at Petitioner's trial.

Some of the requests in Nettles' Omnibus Motion sought information to which he was not entitled as a matter of right. For example, he sought police personnel files without offering anything other than speculation that such files might contain any relevant information, let alone any *Brady* or *Giglio* material. Such speculative requests did not compel the Government to disclose the requested information. *See United States v. Mazzulla*, 932 F.3d 1091, 1100 (8th Cir. 2019) (citing *United States v. Van Brocklin*, 115 F.3d 587, 594 (8th Cir. 1997)). Accordingly, his requests for such material were denied.

2

Petitioner also asked for prior witness statements, including transcripts of Grand Jury testimony.  Because a criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified, that request was denied.  *See Degen v. United States,* 517 U.S. 820, 825 (1996) (citing Fed. R. Crim. P. 16(a)(2) and 26.2).  The Court noted that if the statements were exculpatory in nature, the Government would have to disclose them pursuant to its *Brady* obligations.  Absent a constitutional duty to disclose under *Brady*, however, witness statements are generally protected from pretrial discovery pursuant to the Jencks Act.  *See* 18 U.S.C. § 3500; *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984).  Under the Jencks Act and pursuant to Federal Rule of Criminal Procedure 26.2, a witness's prior statements must normally be disclosed to the defense only after that witness has testified, and only if the prior statements relate to the subject matter of his testimony and the statements are in the Government's possession.  *See United States v. Jewell*, 614 F.3d 911, 924-25 (8th Cir. 2010).

Furthermore, under the Jencks Act, discoverable witness statements include written statements signed or adopted/approved by the witness, verbatim recordings or transcripts of oral statements, and Grand Jury testimony.  *See, e.g.*, *United States v. Bolden*, 545 F.3d 609, 623 (8th Cir. 2008) (agent's rough interview notes are not discoverable under the Jencks Act); *United States v. Price*, 542 F.3d 617, 621-22 (8th Cir. 2008) (agent reports are not normally discoverable where the witness did not approve or adopt the information therein); *United States v. Kamerud*, 326 F.3d 1008, 1015 (8th Cir. 2003).  In this District, although not required, the Government normally produces witness statements the week before trial.

The Court found that, absent any obligation to disclose underthe Jencks Act and *Brady/Giglio*, Grand Jury testimony and evidence is generally protected from disclosure by Fed. R. Crim. P. 6(e).  Nettles Criminal Case at Doc. 112.  To compel disclosure of Grand Jury information, "a defendant must allege a 'particularized need' with support for the records and may not seek them merely as a fishing expedition."  *United States v. Elmi*, 2021 WL 2390247 at *2 (D. Minn. June 11, 2021); *see also United States v. Sileven*, 985 F.2d 962, 965-66 (8th Cir. 1993) (disclosure of Grand Jury material rests within the discretion of the District Court and upon a showing of a particularized need).  In this case, the Government represented to the Court that it would produce witness statements the week before trial, and Nettles' Omnibus Motion

was denied insofar it sought disclosure of Grand Jury material and early disclosure of witness statements.  Nettles Criminal Case at Doc. 112.

On March 16, 2022, Petitioner filed a pro se motion with the Court requesting a copy of the "probable cause affidavit in support of the arrest warrant." *Id.* at Doc. 122.  In his motion, Petitioner described several perceived deficiencies in the Indictment and criminal proceedings against him, including the Court's lack of jurisdiction. *Id.* at Doc. 122.

On March 22, 2022, Petitioner filed a pro se motion with the Court seeking the Grand Jury testimony of Officer Quincy Smith, the arresting officer in his traffic stop. *Id.* at Doc. 123.  The pro se motions were once again referred to Magistrate Judge Bodenhausen, who held a hearing on the issues on March 30, 2022. *Id.* at Doc. 126.  He filed a written Report and Recommendation on March 31, 2022. *Id.* at Doc. 129.

At the hearing on Petitioner's pro se motions, Judge Bodenhausen provided Petitioner with copies of the signed Indictment and arrest warrant.  Assistant United States Attorney Christian Goeke and Mr. Lynch both represented that there were no state charges filed following Petitioner's warrantless arrest (due to the traffic stop) by the St. Louis Metropolitan Police in October 2018.  Accordingly, there was no requirement that any officer supply a probable cause statement or affidavit.  Judge Bodenhausen explained to Petitioner that, because he was charged federally by indictment—not by complaint—the Indictment served as a finding of probable cause and there would be no federal statement of probable cause or affidavit.

Regarding Petitioner's request for prior statements of government witness Quincy Smith, the arresting officer at Petitioner's traffic stop, AUSA Goeke represented that, other than the police report and radio traffic records previously produced, there were no prior statements of Officer Smith.  AUSA Goeke represented that Officer Smith did not testify before the Grand Jury, so there were no transcripts of his testimony to produce.  As for Petitioner's general contention that Officer Smith lied or provided false information, Judge Bodenhausen credited Officer Smith's testimony for purposes of deciding Petitioner's motion to suppress. *Id.* at Doc. 87 at 10-11, 15-16.  Petitioner's unsubstantiated allegations regarding Officer Smith failed to persuade Judge Bodenhausen to reconsider the matter. *Id.* at Doc. 129.  Therefore, Petitioner's motions were denied on March 31, 2022. *Id.* at Doc. 129.  The Report and Recommendation was adopted on May 13, 2022. *Id.* at Doc. 145.

A superseding indictment was filed on March 30, 2022, charging Petitioner with the sole count of felon in possession of firearm.  On August 8, 2022, in a pretrial conference in front of Judge Fleissig, Petitioner informed the Court that he wished to proceed in his criminal case pro se.  The Court accepted Petitioner's oral motion to proceed pro se and appointed John Lynch as standby counsel.  *Id.* at Doc. 161.  Petitioner's criminal case is currently set for trial on October 11, 2022.

### THE PETITION

On August 5, 2022, Petitioner filed an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 alleging that he was challenging his "pretrial detention."  He asserts that he believes he is being held in violation of the Constitution, and he brings his petition on the following grounds:  (1) the Indictment was defective and founded on the perjured testimony of the arresting officer; (2) his appointed attorneys in his criminal case have provided him with ineffective assistance of counsel; (3) the Assistant United States Attorney handling his case is withholding exculpatory evidence in violation of the *Brady* rule; and (4) his due process rights have been violated because the indictment was redacted.  Petitioner asks that his current charges be dismissed, and that he be released from confinement.

Because Petitioner's arguments appear to mirror those already raised in his pretrial motions in his criminal action, and because a finding on the issues raised in Petitioner's application would be dispositive of his ongoing criminal case, the Court will deny his application for writ of habeas corpus.

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief.  Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241 as well.  *See* Rule 1(b) of the Rules Governing § 2254 Cases (a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").  For the reasons discussed below, Petitioner's § 2241 petition will be summarily dismissed because his claims are not cognizable under 28 U.S.C. § 2241.

Generally, pretrial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and

regardless of the present status of the case pending against him." *Dickerson v. State of La.,* 816 F.2d 220, 224 (5th Cir. 1987). However, "[t]o be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies." *Hall v. Pratt*, 97 F. App'x 246, 247 (10th Cir. 2004) (citing *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988)); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Moore v. United States*, 875 F. Supp. 620, 623 (D. Neb. 1994).

Petitioner has not exhausted other available remedies. His criminal action is still pending. He can still raise the arguments made in his application at trial, as well as on direct appeal. Consequently, he has not fully exhausted his administrative remedies with respect to the issues in his petition. *Moore*, 875 F. Supp. at 624.

It is well-established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (citations omitted) ("[I]n the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *see also Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case). When habeas claims raised by a federal pretrial detainee would be dispositive of the pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court, and then raise them on direct appeal if permissible. *Moore*, 875 F. Supp. at 624.

In his application for writ of habeas corpus, Petitioner seeks relief that would dispose of his federal criminal case: dismissal of that case and release from confinement. He does not explain why his claims cannot be handled in his ongoing criminal proceeding; nor does he show that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims. Therefore, relief under § 2241 is unavailable to Petitioner in this Court. To hold otherwise would interfere with the criminal trial judge's control over Petitioner's case, encourage 'judge shopping,' and cause needless duplication of judicial resources.

The Court also takes issue with Petitioner attempting to circumvent the criminal court. Many of the arguments Petitioner now raises in his application for writ of habeas corpus have

already been addressed in detail in his criminal proceeding. This Court does not serve as an appeals court in federal criminal matters.

For the foregoing reasons, the Court will deny Petitioner's application. No certificate of appealability will issue, as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**, and this case is **DISMISSED**. A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

Dated this 7th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE